By the Court.
The validity of a proceeding of the Stark county board of education, whereby it attempted to remove the relator as a member of said board and elect the respondent to the vacancy thus created, is challenged by this suit in quo warranto.
A resolution, presented by a member of the board at its meeting January 17, 1918, recited in substance that the relator had been absent from every meeting of said board held between October 8, 1917, and January 7, 1918, which absence was caused by his wilful neglect to faithfully perform the duties of his office, and for no sufficient reason ever given to the board; and that it was. known to the board that he was not prevented from attending by reason of illness or other sufficient cause. It further declared vacant “the office as a member of this board held by said Elmer E. Leighley J’
This resolution was based on the provisions of Section 4748, General Code, which provides that a *33 vacancy in any board of education may be caused by “absence from meetings of the board for a period of ninety days, if such absence is caused by reasons declared insufficient by a two-thirds vote of the remaining members of the board, which vote must be taken and entered upon the records of the board not less than thirty days after such absence.”
The record, if not the resolution itself, discloses that the facts relative to relator’s absence from the meetings of the board furnished no basis whatever for the proposed procedure. The regular meetings of the board were held on the s.econd Tuesday of each month. The relator was present at the regular meeting October 8, 1917. No subsequent meeting of the board was held and none called until the second Tuesday in November, 1917. The relator was* absent from that meeting. The next meeting was held on the second Tuesday in December, 1917. The relator was absent from that meeting! There was no quorum, only one member being present. The relator attended the next meeting, which was January 8, 1918. His absence does not date from October 8, for he attended the meeting then held, and he was not in default until the second Tuesday in November, when a meeting was held which he failed to attend. The ninety days would then begin to run, but only sixty days elapsed from that date to January 8, 1918, when he again attended and participated in the proceedings before the board.
The record disclosed that upon the question of the passage of this resolution the roll was called *34 and three members voted in the affirmative. Relator after requesting his name to be called also voted in the affirmative. However, under the provisions of the statute, the relator had no right whatever to vote upon the proposition one way or the other. His vote was therefore a nullity and cannot be regarded either as a resignation or as an estoppel to prevent his challenging the, legality of the procedure by which his ouster was attempted.
The undisputed facts disclosed by the record show that there was no basis whatever for the resolution, and the proposed action of the board was wholly unwarranted. It is unnecessary therefore to consider any other questions in the case. A judgment of ouster is awarded against the respondent as prayed for by the relator in his petition.

Judgment of ouster awarded.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.